IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| KING-LAR CO., | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of national origin and color, and to provide appropriate relief to Charging Party Hector Mercado-Hernandez ("Hernandez"). The U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Defendant King-Lar Company ("Defendant" or "King-Lar") discriminated against Hernandez by subjecting him to harassment because of his national origin, Puerto Rican/Hispanic, and his color, dark complexion.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Central District of Illinois, Springfield Division.

## PARTIES

3.      Plaintiff, EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been a corporation doing business in the State of Illinois and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-5(b), (g) and (h).

## CONDITIONS PRECEDENT

6.      More than thirty (30) days prior to the institution of this lawsuit, Hernandez filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7.      On April 13, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8.      The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.      The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On June 8, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this suit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least 2009, Defendant has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).  Such unlawful practices include, but are not limited to, subjecting Hernandez to a hostile work environment because of his national origin, Puerto Rican/Hispanic and color, dark complexion.

(a) Foremen and co-workers made unwelcome, offensive comments to Hernandez because of his national origin and/or color, including, but not limited to, referring to him as "spic," "nigger," "Mexican nigger," "wetback," "Puerto Rican nigger," and "nigger slave."

(b) King-Lar was aware of the harassment because Hernandez complained of the harassment, management was made aware by others of the harassment, and because managers were present when some of the harassing comments were made.  However, Defendant failed to remedy the harassment.

13. The effect of the practices complained of above has been to deprive Hernandez of equal employment opportunities and otherwise adversely affect his status as an employee because of his national origin and/or color.

14. The unlawful employment practices complained of in paragraph 12 above were intentional.

15. The unlawful employment practices complained of in paragraph 12 above were done with malice or with reckless indifference to the federally protected rights of Hernandez.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any employment practices which discriminate on the basis of national origin or color;

B.    Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of national origin or color and which eradicate the effects of its past and present unlawful practices;

C.    Order Defendant to make whole Hernandez by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 12 above, in amounts to be determined at trial;

D.    Order Defendant to make whole Hernandez by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 12 above, including, but not limited to, emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

E.    Order Defendant to pay punitive damages for its malicious and reckless conduct described in paragraph 12 above, in amounts to be determined at trial;

F.    Grant such further relief as the Court deems necessary and proper in the public interest; and

G.    Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Date: August 19, 2015                          Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
131 M Street, N.E.
Washington, D.C.  20507

*/s/ John C. Hendrickson*
John C. Hendrickson
Regional Attorney


*/s/ Diane I. Smason*
Diane I. Smason
Supervisory Trial Attorney

*/s/ Jeanne Szromba*
Jeanne Szromba
Trial Attorney

*/s/ Laura R. Feldman*
Laura R. Feldman
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
500 West Madison Street
Suite 2000
Chicago, Illinois 60661
312-869-8108
ARDC No. 6296356