IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>   Plaintiff,<br><br>and<br><br>HECTOR MERCADO HERNANDEZ,<br><br>   Plaintiff-Intervenor,<br><br>v.<br><br>King-Lar COMPANY, E. SCOTT LAMB, BRIAN LAMB, ROBERT K. LAMB, JR., and TONY HINES,<br><br>   Defendants. | Case No. 15-cv-03238<br><br>Judge Colin Stirling Bruce<br>Magistrate Judge Long |

## CONSENT DECREE

### THE LITIGATION

1. On August 19, 2015, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed suit against Defendant King-Lar Company ("King-Lar") under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, et seq. The EEOC alleged that King-Lar violated Title VII by subjecting Charging Party Hector Mercado Hernandez ("Mercado") to harassment because of his national origin, Puerto Rican/Hispanic, and his color, dark complexion.

2. On March 15, 2016, Mercado filed an intervening complaint against King-Lar and four individual defendants alleging race, national origin and color discrimination under Title VII and 42 U.S.C. §1981(a) and conspiracy under 42 U.S.C. §1985(3).

1

3. On December 15, 2015, King-Lar answered the EEOC's Complaint. On June 30, 2016, King-Lar and the individual defendants answered Plaintiff-Intervenor's Complaint.

4. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree").

5. This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC and the Intervening Complaint filed by the Intervening Plaintiff.

## FINDINGS

6. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

7. This Court has jurisdiction of the subject matter of this action and of the parties.

8. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the EEOC, King-Lar, Mercado, and the public interest are adequately protected by this Decree.

9. This Decree conforms to the Federal Rules of Civil Procedure, Title VII, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of EEOC, King-Lar, the Intervening Plaintiff, and the public interest.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

**INJUNCTION AGAINST NATIONAL ORIGIN DISCRIMINATION**

10. King-Lar and its officers, agents, employees, successors, assigns, and all persons acting in concert with it, are hereby enjoined from harassing or discriminating or permitting harassment or discrimination on the basis of national origin, color or race.

## INJUNCTION AGAINST RETALIATION

11. King-Lar, its officers, agents, employees, successors, assigns and all persons acting in concert with it shall not engage in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

## MONETARY RELIEF

12. King-Lar paid the gross total sum of $325,000 as damages and attorneys' fees and costs to be distributed in accordance with the terms of this Decree and the Release Agreement executed between Plaintiff-Intervenor and Defendants. The Release Agreement was negotiated between Mercado and his counsel and King-Lar, the individual Defendants and their counsel. The EEOC was not involved in those negotiations.

## ANTI-HARASSMENT AND ANTI-DISCRIMINATION POLICY

13. King Lar shall designate an employee, with EEOC's prior approval, who will have the responsibility to investigate independently and confidentially any and all complaints of retaliation, national origin, color or race harassment or discrimination, reported to King-Lar. This employee will also be responsible for determining and implementing the appropriate disciplinary or corrective action to take to resolve a complaint of retaliation, national origin, color or race harassment or discrimination; and maintaining detailed written records of all complaints of

retaliation, national origin, color or race harassment or discrimination, the investigation of such complaints, and the resolution of such complaints.

14. In the event that the employee designated in paragraph 13 is no longer able to serve in the role described in paragraph 13, King-Lar shall have thirty (30) calendar days from the date it is notified that the employee will be unavailable to continue his/her duties for the duration of the Consent Decree to identify to EEOC by name, address and telephone number a new employee. EEOC shall have fourteen (14) calendar days from the date of receipt of the information described above to accept or reject the new employee. In the event that EEOC does not approve of King-Lar's proposed employee, King-Lar shall have fourteen (14) calendar days to identify an alternate employee. EEOC shall have fourteen (14) calendar days from the date of receipt of the information described above to accept or reject the alternate employee. In the event that the parties cannot agree upon an employee, the dispute shall be submitted to the Court for final resolution.

15. King-Lar employees, including those in the apprenticeship program, shall be required to notify King-Lar of all complaints of retaliation, national origin, color or race harassment or discrimination of which they become aware (even if the complaint was directed to the union or others) and shall transmit to King-Lar all documentation related to each such complaint as soon as practicable and, in any event, no later than two (2) business days after learning of any such complaint (unless s/he was the victim).

16. King-Lar shall inform all employees that they may also complain anonymously to an 800 number that King-Lar shall pay for, for the duration of the Decree.

17. The Notice in the Decree, King-Lar's policies and King-Lar's training materials will reference the name, telephone number, email address, and street address for the employee referenced in Paragraph 13 as well as the 800 number and website address to which employees can

contact anonymously. If the name or contact information for the employee referenced in Paragraph 13 changes, King-Lar shall update all of the materials referenced above in this paragraph and redistribute them within twenty-one (21) days.

18.     Commencing no later than twenty (20) calendar days after the approval and entry of this Consent Decree, King-Lar shall maintain a policy against national origin, color and race discrimination and harassment and retaliation for the duration of this Decree.  King-Lar shall distribute said policy to each employee within 30 calendar days after entry of this Consent Decree and again during the first training provided by this Consent Decree. King-Lar will also provide the policy to all new employees within seven (7) days of initial employment.  The policy, at minimum, shall:

a.  Specifically prohibit all discrimination and harassment against employees on the basis of national origin, color or race;

b.  Inform employees that they may raise complaints with managers and owners, as well as with the employee identified in paragraph 13 or the 800 number, and the company will investigate all complaints;

c.  Inform employees that complaints of discrimination will be investigated thoroughly and promptly and shall provide that employees, including management employees who violate the policy, are subject to discipline up to and including discharge;

d.  Affirmatively state that employees will not be subject to retaliation if they bring a complaint or participate in an investigation. The policy will not suggest or state that only workers who make "valid" or similarly described complaints are protected from retaliation; and

e.  Require all employees who observe harassing or discriminatory behavior or become aware of a harassment or discrimination complaint to report such observations or

complaints to the employee identified in Paragraph 13 within two business days (unless s/he was the victim).

19. King-Lar shall develop and maintain a policy regarding internal investigations of all complaints concerning alleged national origin, color or race discrimination and/or retaliation by King-Lar employees in the scope of employment. The policy shall apply to all King-Lar employees, even if they are also JATC apprentices or union members. King-Lar's policy, at a minimum shall require that:

    a. King-Lar make all reasonable efforts to fully investigate all complaints of harassment, retaliation, and/or discrimination within fourteen (14) days of the date of the allegation;

    b. all material witnesses be interviewed in person;

    c. the company photograph or otherwise preserve all evidence in a manner that will facilitate further forensic investigation;

    d. all complaining parties and witnesses be assured that they will not be retaliated against;

    e. King-Lar prepare written findings of the results of each investigation; and

    f. the findings be communicated to the alleged victim of discrimination.

## HARASSMENT/ANTI-DISCRIMINATION TRAINING

20. King-Lar shall train all its employees and owners on an annual basis for the duration of this Decree regarding its anti-discrimination and anti-harassment policies ("Training") as follows: (a) all current employees and owners, within six (6) months following approval and entry of this Decree and once again during each year of the duration of the decree, and (b) the person identified in paragraph 13 to accept and investigate complaints, within 60 days

following approval and entry of this Decree and once again during each year of the duration of the decree. The first such training for this individual will include training on conducting investigations.

21. King-Lar shall maintain a record of all Training provided pursuant to Paragraph 20, which shall include: (i) the date and duration of the training; (ii) the name and position of each person completing the training; and (iii) a list of all the Company's employees.

22. For the Training described in Paragraph 20, King-Lar shall obtain the EEOC's approval of its proposed trainer and training prior to the commencement of the Training session(s). King-Lar shall submit the training proposal to the EEOC at least fifteen (15) business days prior to the proposed commencement date(s) of the training(s). The EEOC shall have ten (10) business days from the date of receipt of the information described above to accept or reject the proposed trainer and/or training. In the event the EEOC does not approve King-Lar's designated trainer and/or training, King-Lar shall have ten (10) business days to identify an alternate trainer and/or training. The EEOC shall have ten (10) business days from the date of receipt of the information described above to accept or reject the alternate trainer and/or training. If the parties cannot through this process agree on a trainer and/or training, then they may seek the Court's assistance under Paragraph 32.

23. Upon the EEOC's request, King-Lar agrees to provide it with copies of any and all pamphlets, brochures, outlines or other written material(s) provided to the participants of the training session(s).

## POSTING OF NOTICE

24. Within ten (10) business days after approval and entry of this Decree, King-Lar shall post same size copies printed on colored paper of the Notice attached as Exhibit A to this

Decree at all its offices, facilities and job sites, which are expected to last more than 15 calendar days. It will also mail the notice to all employees. The notice will be included in the new hire and rehire packets at job sites expected to last less than 15 calendar days. The Notice shall remain posted for two and a half (2.5) years from the date of entry of this Decree or until King-Lar work ceases at the job site. King-Lar shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. King-Lar shall certify to the EEOC in writing within ten (10) business days after entry of the Decree that the Notice has been properly posted. King-Lar shall permit a representative of the EEOC to enter King-Lar's premises and job sites for purposes of verifying compliance with this Paragraph at any time during normal business hours.

## RECORD KEEPING

25.    For the duration of this Decree, King-Lar shall maintain records of each complaint or report (whether written or oral) of national origin, color or race discrimination, harassment, or retaliation. For each such complaint or report, the above-noted records shall include: (i) the name of the complaining or reporting person (including the last four digits of the individual's social security number, address, email address and telephone number, if available); (ii) the date of the complaint or report; (iii) a written description of what was alleged in the complaint or report; (iv) the names of any witnesses; (v) all notes of interviews; (vi) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, King-Lar took; and (vii) if the complaint or report was made in written form, a copy thereof.

26.    King-Lar, by and through its outside counsel, shall make all documents or records referred to in Paragraph 25 above available for inspection and copying at the EEOC's Chicago

District Office, or at another mutually agreed upon location, within ten (10) business days after the EEOC so requests it of counsel. In addition, King-Lar shall require personnel within its employ whom the EEOC requests for purposes of verifying compliance with this Decree to cooperate with the EEOC and to be interviewed.

## REPORTING

27. King-Lar shall furnish to the EEOC the following written reports semi-annually for a period of two and a half (2.5) years following the approval and entry of this Consent Decree. The first report shall be due six (6) months after entry of the Consent Decree. The final report shall be due 29 months after entry of the Decree. Each such report shall contain (as applicable):

   a. The records maintained by King-Lar, as required by Paragraph 25 above, for each complaint or report of race, color or national origin discrimination; race, color or national origin harassment; or retaliation received during the six (6) month period preceding the report.

   b. A certification by King-Lar that the Notice required to be posted in Paragraph 24, above, remained posted during the entire six (6) month period preceding the report, including a list of the job sites where it was posted.

   c. A certification that all Training has been provided as required in Paragraph 20.

   d. A list of attendees, as required in Paragraph 21.

## MISCELLANEOUS PROVISIONS

28. The terms of this Consent Decree shall be binding upon the present and future owners, directors, officers, managers, agents, successors and assigns of Defendant King-Lar. Defendant King-Lar, and any successor(s) of Defendant, shall provide a copy of this Decree to

any organization or person who acquires or merges with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. King-Lar shall comply with all injunctive provisions of this Decree.

29. The service of any notices, reports, or certificates to be given to the parties under this Consent Decree will be deemed sufficient, and effective upon mailing, if sent by first-class mail to:

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
ATTN: King-Lar Settlement
500 West Madison Street, Suite 2000
Chicago, IL 60661

And via email to Jeanne.Szromba@eeoc.gov and Laura.feldman@eeoc.gov

**Counsel for Defendants:**
Tracey L. Truesdale
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
155 North Wacker Drive, Suite 4300
Chicago, IL 60606

30. Apart from any additional terms in any Release Agreement between Plaintiff-Intervenor and Defendants, this Consent Decree constitutes the entire agreement between the parties hereto with respect to the matters herein, and it supersedes all negotiations, representations, comments, contracts and writings prior to the date of this Consent Decree.

31. Whenever possible, each provision and term of this Consent Decree shall be interpreted in such a manner as to be valid and enforceable; provided, however, that in the event any provision or term of this Consent Decree should be determined to be or rendered invalid or unenforceable (by an Act of Congress or otherwise), all other provisions and terms of this

Consent Decree and the application thereof to all persons and circumstances subject thereto shall remain unaffected to the extent permitted by law.

## DISPUTE RESOLUTION

32. If during the term of this Decree any party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other parties of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

33. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two and a half (2.5) years immediately following the approval and entry of the Decree, provided, however, that if, at the end of the two and a half (2.5) year period, any disputes under Paragraph 32, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

**ENTERED AND APPROVED FOR:**

| For the EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | For DEFENDANTS |
|---|---|
| JAMES LEE<br>Deputy General Counsel<br>GWENDOLYN YOUNG REAMS<br>Associate General Counsel<br>131 M Street, NE<br>Washington, DC  20507-0100 | /s/ *Tracey L. Truesdale*<br>TRACEY L. TRUESDALE<br>OGLETREE, DEAKINS, NASH,<br>SMOAK & STEWART, P.C.<br>155 North Wacker Drive, Suite 4300<br>Chicago, IL 60606 |

/s/*Gregory Gochanour*
GREGORY GOCHANOUR
Regional Attorney

/s/ *Diane I. Smason*
DIANE I. SMASON
Supervisory Trial Attorney

/s/ *Laura Feldman*
LAURA FELDMAN
Trial Attorney

/s/ *Jeanne Szromba*
Jeanne Szromba
Trial Attorney

U.S. Equal Employment
Opportunity Commission
500 W. Madison, Suite 2000
Chicago, Illinois  60661

March 27 2017
Date

s/COLIN S. BRUCE

_____
Judge Colin Stirling Bruce
United States District Court

## EXHIBIT A

## NOTICE TO KING-LAR EMPLOYEES

This Notice is posted pursuant to a settlement agreement called a Consent Decree entered by the federal court in the Central District of Illinois in EEOC v. King-Lar, No. 15-cv-3238, resolving litigation filed by the U.S. Equal Employment Opportunity Commission ("EEOC") and by a former employee of King-Lar against King-Lar.

In the suit, the EEOC and the former employee alleged that King-Lar discriminated against the former employee because of his national origin, race, and color by subjecting him to harassment, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

To resolve the case, King-Lar, the EEOC, and the former employee have entered into a Consent Decree which provides, among other things, that:

1) King-Lar will make a monetary payment to the former employee and his attorney;

2) King-Lar will not discriminate against any employee on the basis of national origin, race, or color;

3) King-Lar will not retaliate against any person because (s)he opposed any practice made unlawful by the Title VII, filed a charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree;

4) King-Lar will maintain and distribute to all employees a policy against national origin, color and race discrimination and will train all its employees regarding laws prohibiting national origin, color and race discrimination and harassment;

5) King-Lar's policy will identify a website (http://www.kinglar.ethicspoint.com) and a phone number, 844-458-3845, to which employees can complain anonymously and King-Lar employee Ryan Kreke, 217/429-2323, x. 113, is available to receive and investigate complaints of discrimination; and

6) King-Lar will report all complaints of national origin, race or color discrimination or harassment to the EEOC.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact the EEOC at (312) 869-8000. The EEOC charges no fees and has employees that speak Spanish and other languages other than English. To find more information on filing a charge, look here: https://www.eeoc.gov/employees/howtofile.cfm.

If you have been a victim of national origin, race or color discrimination or harassment, you can contact 844-458-3845 or http://www.kinglar.ethicspoint.com anonymously, or Ryan Kreke, 217/429-2323, x. 113, an employee of King-Lar. All complaints will be investigated.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**
This Notice must remain posted for two and a half (2.5) from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: King-Lar Settlement, EEOC, 500 West Madison Street, Suite 2000, Chicago, IL 60661.        s/COLIN S. BRUCE

_March 29, 2017_
Date

Judge Colin Stirling Bruce
United States District Court